UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STRATFORD,<br><br>            Plaintiff,<br><br>    v.<br><br>PAUL D. BRAZELTON, et al.,<br><br>            Defendants. | **CASE NO. 1:17-cv-00766-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 8.) No other parties have appeared.

This case was originally filed in the Sacramento Division of this Court. However, as the relevant events occurred in Fresno County, the case was properly transferred to the Fresno Division. (ECF No. 5.) Plaintiff's complaint is now before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.  Pleading Standard**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); see also Ketchum v. Cnty. of Alameda, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id.

### III. Plaintiff's Allegations

At all times relevant to this suit, Plaintiff was housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California. He names the following Defendants: "California"; Paul D. Brazelton, Warden of PVSP; J. Lewis, Deputy Director of Policy and Risk Management Services for the California Correctional Health Care Services; and John/Jane Does 1 through 9, employees of the California Department of Corrections and Rehabilitation. All Defendants are sued in both their official and individual capacities.

Plaintiff's allegations may be summarized as follows.

Plaintiff has Valley Fever, a disease caused by inhaling the soil-born spores of the Cocci fungus. Between the years of 2007 and 2011 Plaintiff was housed at PVSP, which is located in a region known to be hyper-endemic for Valley Fever. Despite knowledge that the area surrounding PVSP was hyper-endemic for Valley Fever, Defendants authorized the construction of a state hospital complex a few hundred yards from PVSP. This major construction project, which lasted several years, churned up the soil and released Cocci spores into the air. Defendants failed or refused to take reasonable measures to protect Plaintiff and other high risk inmates from exposure to the spores, such as by transferring them to a different prison, improving the prison ventilation system, or implementing soil control measures such as paving, landscaping, and soil stabilization.

After Plaintiff contracted Valley Fever, he was treated with antifungal medications, but was later found to have vertebral osteomyelitis, possibly caused by the Cocci spores.

Plaintiff seeks monetary and injunctive relief in the form of monetary compensation, punitive damages, and an order that Defendants provide Plaintiff with "rehabilitative treatment."

### IV. Analysis

#### A. Linkage

Under § 1983, in order to state a claim against an official in his personal capacity,

a plaintiff must demonstrate that each named defendant *personally* participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Where a plaintiff alleges a defendant failed to intervene to stop the abuses of subordinate staff, he must allege that the supervisor defendant failed to intervene after being placed on notice of ongoing constitutional violations by subordinate staff. Starr, 652 F.3d at 1205-08.

Plaintiff complaint includes no facts indicating what he believes each Defendant personally did or failed to do to violate his rights. Indeed, beyond the caption, Plaintiff does not refer to any Defendant by name. He simply groups Defendants, all high-ranking CDCR officials and unidentified employees, together as individuals who "knew" of the risk Plaintiff faced but failed to take steps to abate it. Plaintiff must include more than that

blanket allegation. He must link each Defendant to the alleged violation by setting forth what each knew of the risk to Plaintiff and what each could have, but failed to, do to abate it.

**B.     Official Capacity Suits**

Plaintiff sues all named Defendants in both their personal and official capacities. Plaintiff cannot recover money damages from individuals sued in their official capacities, Aholelei v. Dept. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted), because official capacity suits may seek only prospective or injunctive relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010). Therefore, to the extent Plaintiff seeks monetary damages against all Defendants in their official capacities, those claims are barred by the Eleventh Amendment, and will be dismissed. Plaintiff cannot cure this deficiency and will not be given leave to amend this claim.

In addition to being limited to prospective relief, a plaintiff pursuing defendants in their official capacities must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). That is, the plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Furthermore, although Plaintiff is permitted to pursue claims for injunctive relief against state actors in their official capacities, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer, 502 U.S. at 25.) "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." Hartmann, 707 F.3d at 1127

(citing Los Angeles County v. Humphries, 562 U.S. 29, 35-36 (2010)).

Here, Plaintiff has not alleged the existence of any policy or custom that led to his injuries. All claims against Defendants in their official capacities will therefore be dismissed with leave to amend.

### C. Allegations Against the State of California

Plaintiff names "California" as a defendant. To the extent Plaintiff intends to sue the state of California, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state and its agencies. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. See, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against the state of California. This defect is not capable of being cured by amendment.

Plaintiff may be able to proceed against individual agents of the state. However, to do so, he must link each agent to the alleged unconstitutional conduct. If he is not able to identify state agents by name, he may proceed against them as Does.

### D. Doe Defendants

Plaintiff names Does 1-9, employees of the CDCR, as Defendants. He does not state the positions they are employed in, their duties and responsibilities, or how they are in any way connected to Plaintiff.

Generally, the use of Doe defendants is disfavored in federal court. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). The Court cannot order the Marshal to serve process on any Doe defendants until such defendants have been identified. See, e.g., Castaneda v.

Foston, No. 1:12-cv-00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify unknown defendants through discovery unless it is clear that discovery would not uncover their identities). However, in order to proceed to discovery, Plaintiff must first state a cognizable claim. Additionally, Plaintiff must distinguish between Doe defendants by, for example, referring to them as "John Doe 2," "John Doe 3," and so on, and describe what each did or failed to do to violate Plaintiff's rights. See Ingram v. Brewer, No. 1:07-cv-00176-OWW-DLB, 2009 WL 89189 (E.D. Cal. January 12, 2009) ("In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights."). Plaintiff's amended complaint must describe these Doe Defendants at a higher level of specificity than simply "employees."

### E. Eighth Amendment Conditions of Confinement

#### 1. Legal Standard

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of

due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Subjective deliberate indifference involves two parts. Lemire v. Cal. Dept. of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013). Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence that Defendants were aware of the substantial risk to his health or safety, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

**2. Analysis**

It is uncontroverted that Valley Fever can pose a serious risk to human health. See Edison v. United States, 822 F.3d 510, 514 (9th Cir. May 20, 2016) (citing *Morbidity and Mortality Weekly Report: Coccidioidomycosis—California, 1991-1993*, Ctr. for Disease Control & Prevention (Jun. 17, 1994), http://www.cdc.gov/mmwr/preview/mmwrhtml/00031453.htm); Zurich Ins. Co. v. Sigourney, 278 F.2d 826, 828 (9th Cir. 1960) ("There seems to be no doubt that appellee Sigourney is now totally disabled from a disease known as coccidioidomycosis— called on the West Coast 'San Joaquin Valley Fever,' since it is endemic to that area of California."); see also Crim v. Int'l Harvester Co., 646 F.2d 161, 162 (5th Cir. May 21, 1981).

Neither the Supreme Court nor the Ninth Circuit have decided whether housing inmates in areas endemic for Valley Fever, a potentially life-threatening illness caused by a soil-borne fungus, constitutes an Eighth Amendment violation. See Jackson v.

Brown, 134 F. Supp. 3d 1237, 1240 (E.D. Cal. Sept. 28, 2015) (citing Jones v. Hartley, No. 1:13-cv-1590-AWI-GSA, 2015 WL 1276708, at *2-3 (E.D. Cal. Mar. 19, 2015) (collecting cases)). However, this Court proceeds on the presumption that, where a plaintiff demonstrates the defendants knew of but were deliberately indifferent to a substantial risk that Plaintiff would contract Valley Fever if housed at PVSP, he has sufficiently alleged a cognizable Eighth Amendment claim. See Allen v. Kramer, No. 15-cv-01609-DAD-MJS, 2016 WL 4613360, at *6 (E.D. Cal. Aug. 17, 2016) ("Plaintiff has a right to be free from exposure to an environmental hazard that poses an unreasonable risk of serious damage to his health whether because the levels of that environmental hazard are too high for anyone or because Plaintiff has a particular susceptibility) *findings and recommendations adopted*, Order Adopting, Allen v. Kramer, No. 15-cv-01609-DAD-MJS, E.D. Cal. Nov. 23, 2016, ECF No. 13.

However, for the reasons set forth below, the Court will recommend Plaintiff's deliberate indifference claim be dismissed but that he be given leave to amend.

Plaintiff alleges, broadly, that all Defendants should have known he faced a heightened risk of developing Valley Fever because of his own (unspecified) individual characteristics, the PVSP environment, and the construction activity nearby. He alleges Defendants nevertheless took no steps to protect him from that risk and that he developed the very disease caused by exposure to that risk. However, he has not pled with sufficient specificity how each Defendant was in a position to protect Plaintiff from that risk and failed to do so. As pled, it is unclear whether Plaintiff is suing them because they placed him at PVSP knowing he was at risk and knowing construction was underway, because they approved the nearby construction, because they could have, but failed to, move him when the risk became apparent, because they could have but failed to implement precautionary measures at PVCP, or for some other reason. Plaintiff will be given leave to amend to plead such facts linking each Defendant to the violation of his rights. He must however state the bases for his beliefs as to each Defendant, not

just the conclusion that each Defendant was aware and could have acted but did not.

**V.     Conclusion and Order**

Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted. He will be given thirty days from the date of this order to amend his complaint if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In the alternative, Plaintiff may file a notice of voluntary dismissal with the Court.  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend.
2. The Clerk of Court shall send Plaintiff a blank civil rights amended complaint form and a copy of his April 20, 2017 complaint.
3. Within thirty (30) days from the date of service of this order, Plaintiff must either:

10

a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. File a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notify the Court in writing that he wishes to voluntarily dismiss this lawsuit, the undersigned will dismiss the action for failure to obey a Court order and failure to state a claim.

IT IS SO ORDERED.

Dated: August 26, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE