UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STRATFORD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PAUL D. BRAZELTON, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:17-cv-00766-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO RELIEVE HIM FROM THE COURT'S ORDER CLOSING THE CASE<br><br>ECF No. 14<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On November 9, 2017, plaintiff filed a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41. ECF No. 12. The court therefore deemed the action terminated and ordered the clerk to close the case. ECF No. 13. On October 15, 2018, plaintiff filed a motion asking the court to relieve him of this order under Federal Rule of Civil Procedure 60(b).[1] ECF No. 14. Defendants did not file an opposition to this motion, and we will grant relief.

---

[1] Plaintiff states that he "seeks relief from this Court in the form of deeming this complaint as a 'First Amended Complaint' in plaintiff's previous civil rights action for the same violations and injuries in Eastern District Case Number 1:17-cv-0076-MJS (PC) which plaintiff mistakenly dismissed, and has already paid the filing fee in full." ECF No. 14 at 2. The court does not know which complaint plaintiff refers to as "this complaint," *id.*, but we will invite plaintiff to submit a first amended complaint.

1

## I. PLAINTIFF'S MOTION

Plaintiff states that while he was in the process of drafting his first amended complaint, he "was informed about previously undisclosed fact information that, if true, would change the claims originally pled" in his original complaint. ECF No. 14 at 3. After receiving this information, "plaintiff was convinced by another inmate who, at the time, worked in the law library where plaintiff is incarcerated, that he must first dismiss his complaint before he could exhaust additional claims." *Id.* at 2. Accordingly, plaintiff voluntarily dismissed his complaint on November 6, 2017. *Id.* at 3. Plaintiff believed that once he had administratively exhausted his claims, he could reinitiate this case and "that the District Court would re-process [his] complaint as an amendment to the original complaint [he] filed." *Id.* at 4. Plaintiff has now concluded that this is not the case and believes that the advice he received from his fellow inmate was "inaccurate." *Id.* at 4. Plaintiff argues that his "mistaken belief in that library worker's comments amounting to legal advice, constitutes 'excusable neglect' on plaintiff's part, whereas plaintiff was led to believe he was acting appropriately." *Id.* at 2.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b), entitled "Grounds for Relief from a Final Judgment, Order, or Proceeding," provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or

order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party of an order by reason of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Supreme Court has established an equitable, four-part balancing test for determining whether there had been "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer*, 507 U.S. at 395, 113). "'[E]xcusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. Indeed, courts may find "excusable neglect" even when the relevant circumstances reveal a party's "inadvertence, mistake, or carelessness." *Id.* at 388.

### III. DISCUSSION

The court will first consider whether plaintiff's motion is timely under Federal Rule of Civil Procedure 60(c)(1). If the motion is timely, we will consider whether the order closing this case may be set aside under the "excusable neglect" standard of Federal Rule of Civil Procedure 60(b)(1).

#### A. Timing of Motion

The court entered its order closing this case pursuant to plaintiff's voluntary dismissal on November 9, 2017. ECF No. 13. Plaintiff filed the instant motion on October 15, 2018, about eleven months after the court entered its order closing the case. ECF No. 13. Plaintiff has brought this motion within "no more than a year" as required for consideration under Rule 60(b)(1)-(3) and thus within a "reasonable time" as required under Rule 60(c)(1).

#### B. Rule 60(b)(1) Relief: Excusable Neglect

After considering each of the following factors of excusable neglect as outlined in *Pioneer*, the court finds that plaintiff's voluntary dismissal constitutes excusable neglect.

### 1. Prejudice to Opposing Party

To be prejudicial, the setting aside of an order or judgment must result in "greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). Plaintiff filed this case about 18 months ago, on April 20, 2017, ECF No. 1, and defendant could conceivably be prejudiced by delay and the attendant deterioration of evidence. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (as amended) (presuming from elapsed time that a party's ability to prosecute or defend a case has been prejudiced). However, any prejudice here may be reduced because the delay, at least in part, would have occurred regardless since plaintiff apparently needed time to exhaust his administrative remedies before filing a civil action. (Plaintiff states that he voluntarily dismissed his complaint because he thought dismissal was required "before he could exhaust additional claims." ECF No. 14 at 2.) Under these circumstances, we find that defendants will not suffer undue prejudice if plaintiff's motion for relief from judgment is granted.

### 2. Length of Delay and Potential Impact on the Proceedings

The length of the delay caused by plaintiff's voluntary dismissal is about eleven months. As discussed above, the length of the delay would not unduly impact the proceedings or prejudice defendants. Thus, in the present circumstances, eleven months is not long enough to justify denying relief.

### 3. Reason for the Delay

Plaintiff states that the reason for his delay was bad legal advice from a fellow inmate who worked in the law library. ECF No. 14 at 2. Plaintiff further explains that he misunderstood the Federal Rules of Civil Procedure and mistakenly believed that, after his voluntary dismissal, he could "add[] new information to [his] dismissed complaint" which "would act as an 'amendment to conform to the evidence' under Rule 15(b)(2) of the Federal Rules of Civil Procedure." ECF No. 14 at 4. Considering plaintiff's pro se status, the reason for plaintiff's delay is reasonable.

### 4. Whether Movant Acted in Good Faith

Plaintiff explains that prior to his voluntary dismissal, he "was well underway in the task of preparing [his] First Amended Complaint in conformity with the Court's Order having

dismissed [his] complaint with leave to amend." ECF No. 15 at 3. He also states that his voluntary dismissal was simply "an attempt to follow proper procedures the best [he] could." *Id.* The court sees no reason to doubt that plaintiff is acting in good faith.

### IV. CONCLUSION AND ORDER

The court finds that plaintiff has satisfied the "excusable neglect" standard of Federal Rule of Civil Procedure 60(b)(1). Thus, the court will (1) grant plaintiff's motion for relief, ECF No. 14; (2) vacate the November 13, 2017 order closing this case, ECF No. 13; and (3) grant plaintiff leave to amend his complaint.

Should plaintiff choose to amend the complaint,[2] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

An amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be

---

[2] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly,

1. Plaintiff's motion for relief, ECF No. 14, is granted.
2. The November 13, 2017 order dismissing this case, ECF No. 13, is vacated.
3. Plaintiff may file an amended complaint, provided he does so within thirty (30) days of the date of service of this order. Plaintiff must caption any such amended complaint "First Amended Complaint" and refer to the appropriate case number.
4. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: December 5, 2018

UNITED STATES MAGISTRATE JUDGE