UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STRATFORD,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>    Defendants. | Case No. 1:17-cv-00766-JDP<br><br>SCREENING ORDER<br><br>ORDER THAT PLAINTIFF:<br><br>(1) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIM SANCTIONED BY THIS ORDER AND VOLUNTARILY DISMISS ALL OTHER CLAIMS AND DEFENDANTS; OR<br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 17 |

Plaintiff Eric Stratford is a former state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.[1] Plaintiff's first amended complaint, ECF No. 17,

---

[1] While plaintiff was incarcerated when he filed his initial complaint, he no longer appears in California's inmate directory and lists his current address as a resident in Los Angeles. *See* ECF No. 19.

1

is before the court for screening under 28 U.S.C. § 1915A. I find that plaintiff has stated an Eighth Amendment claim against defendant Schwarzenegger, but no other claims. Plaintiff must choose between (1) proceeding only on the claims against Schwarzenegger and voluntarily dismissing other claims and defendants; and (2) standing on the current complaint subject to dismissal of claims and defendants consistent with this order.[2]

## I. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

---

[2] Plaintiff's initial complaint was screened in 2017, and plaintiff was put on notice of pleading deficiencies similar to those identified in this order. *See* ECF No. 9 at 4 ("Plaintiff['s] complaint includes no facts indicating what he believes each Defendant personally did or failed to do to violate his rights."). Because Stratford has already been notified of the defects in his pleading and had an opportunity to amend, I do not offer additional leave to amend, as I do not believe the deficiencies can be cured by amendment. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 & n.9 (9th Cir. 1984).

2

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. THE COMPLAINT[3]

Plaintiff names eleven defendants: the California Department of Corrections and Rehabilitation ("CDCR"); California Governor Jerry Brown; California Governor Arnold Schwarzenegger; Susan Hubbard, director of adult prisons; CDCR Secretary Matthew Cate; CDCR unit chief Tanya Rothchild; CDCR executive secretary Deborah Hysen; CDCR medical officer Dwight Winslow; James A. Yates, warden of the Pleasant Valley State Prison; and Dr. Felix Igbinosa, a medical officer at Pleasant Valley. ECF No. 17 at 3-4. Plaintiff alleges that he contracted valley fever in December 2007 and has, as a result, suffered a variety of injuries in violation the Eighth Amendment. Stratford alleges that valley fever spores entered his right lung and that he now suffers from pneumonia-like symptoms and anxiety related to his condition. *See id.* at 11. Plaintiff seeks declaratory, injunctive, and monetary relief. *See id.* at 22-23.

## III. DISCUSSION

### A. Threshold Requirements Under 42 U.S.C. § 1983

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must allege that a "person," while acting under color of state law, personally participated in the deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). A defendant personally participates in a deprivation "if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (quoting *Lacey v.*

---
[3] The court draws the facts of this section from plaintiff's amended complaint and accepts them as true for purposes of screening.

3

*Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012)). Vague and conclusory allegations of personal involvement in an alleged deprivation do not suffice. *Id.*

Plaintiff's complaint does not adequately link the acts or omissions of most named defendants to the harm he claims to have suffered. Most of the defendants are either unmentioned or mentioned only in passing in Straford's description of relevant events. Leaving defendants unmentioned—or mentioning them only glancingly to note that they "were aware, or should have been aware" of increased valley fever risks, *see*, for example, ECF No. 17 at 10 and 17—is insufficient to state a claim under 42 U.S.C. § 1983, *see Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019) (noting, in the context of valley fever claims under § 1983, that "inmates must show that *each defendant personally played a role* in violating the Constitution" (emphasis added)). In addition, the CDCR is not a "person" for the purposes of 42 U.S.C. § 1983 and is not subject to this suit. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Coleman v. California Dep't of Corr. & Rehab.*, No. 06-2606, 2009 WL 648987, at *3 (C.D. Cal. Mar. 10, 2009) ("There is no dispute that the California Department of Corrections and Rehabilitation is a state agency. As such, it is not amenable to suit under § 1983.").

Stratford's complaint does satisfy the threshold requirements for one defendant: Governor Schwarzenegger. Stratford's complaint contains sufficiently detailed allegations of Governor Schwarzenegger's acts and omissions such that they can be linked the deprivation of a right. Several recent cases, while ultimately concluding that defendants were entitled to qualified immunity, have proceeded on a similar threshold theory. *See Hines*, 914 F.3d 1218; *Smith v. Schwarzenegger*, 137 F. Supp. 3d 1233 (E.D. Cal. 2015).

**B. Eighth Amendment Deliberate Indifference**

The Eighth Amendment's prohibition against cruel and unusual punishment forbids officials from wantonly exposing prisoners to certain objectively serious deprivations and safety risks. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish a violation of this right, a prisoner must show that officials were "deliberately indifferent" to a serious safety threat.

Here, accepting plaintiff's allegations as true, I find that he has stated an Eighth Amendment deliberate indifference claim against Governor Schwarzenegger. Stratford alleges,

among other things, that Governor Schwarzenegger received a 2005 informational briefing about the risks of valley fever but failed to act on it, ECF No. 17 at 3-B; that the Governor proposed constructing new dormitories at Pleasant Valley and stated that he was "not concerned" about the risk of valley fever there, *id*. at 3-D; and that the Governor acknowledged the much higher rate of infections at Pleasant Valley but failed to take steps to ameliorate it, *id*. at 3-A.

## IV. CONCLUSION AND ORDER

I have screened plaintiff's complaint and conclude that he has stated an Eighth Amendment claim against defendant Schwarzenegger. He has stated no other claims. In light of this conclusion and the law cited above, plaintiff must choose between (1) proceeding only on the Eighth Amendment claim against Schwarzenegger and voluntarily dismissing the other claims and defendants, and (2) standing on the current complaint subject to dismissal of claims and defendants consistent with this order.

Accordingly,

1. Within thirty (30) days from the date of service of this order, plaintiff must either:
   a. Notify the court in writing that he is willing to proceed only on the Eighth Amendment claim against defendant Schwarzenegger, voluntarily dismissing all other claims and defendants CDCR, Brown, Hubbard, Cate, Rothchild, Hysen, Winslow, Yates, and Igbinosa;
   b. Notify the court in writing that he does not agree to go forward on only the claim found cognizable by this order, in which case I will recommend the dismissal of claims and defendants consistent with this order.
2. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: October 11, 2019

_____
UNITED STATES MAGISTRATE JUDGE