UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STRATFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>        Defendants. | Case No. 1:17-cv-00766-JDP<br><br>ORDER DISCHARGING THE ORDER TO SHOW CAUSE<br><br>ECF No. 21<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIM AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITHOUT PREJUDICE<br><br>ECF No. 17<br><br>ORDER THAT THIS CASE BE ASSIGNED TO A DISTRICT JUDGE |

Plaintiff Eric Stratford is a former state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges that the defendants exposed him to Valley Fever at Pleasant Valley State Prison in violation of the Eighth Amendment. On October 15, 2019, the court screened plaintiff's first amended complaint, ECF No. 17, and found that it stated an Eighth Amendment claim against defendant Schwarzenegger, but no other claims. That order gave plaintiff a choice between voluntarily dismissing the defendants and standing by his

1

complaint, subject to the involuntary dismissal of claims.[1]  Plaintiff did not initially respond to the court's screening order but, on April 6, 2020, filed a short notice that did not agree to dismiss any defendants and argued that his case was meritorious.  *See* ECF No. 22.  In the interest of expeditious justice, the court will discharge the recent order to show cause and issue findings and recommendations to dismiss the non-cognizable claims.  Much of the analysis below will track that of the court's screening order.

**SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

---

[1] Plaintiff's initial complaint was screened in 2017, and plaintiff was put on notice of pleading deficiencies that are similar to those that appear in his first amended complaint.  *See* ECF No. 9 at 4 ("Plaintiff['s] complaint includes no facts indicating what he believes each Defendant personally did or failed to do to violate his rights.").  Because Stratford had already been notified of the defects in his pleading and had an opportunity to amend, the court did not believe that the deficiencies would or could be cured by further amendment.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228 & n.9 (9th Cir. 1984).

2

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**THE COMPLAINT**

Plaintiff names eleven defendants: the CDCR; California Governor Jerry Brown; California Governor Arnold Schwarzenegger; Susan Hubbard, director of adult prisons; CDCR Secretary Matthew Cate; CDCR unit chief Tanya Rothchild; CDCR executive secretary Deborah Hysen; CDCR medical officer Dwight Winslow; James A. Yates, warden of the Pleasant Valley State Prison; and Dr. Felix Igbinosa, a medical officer at Pleasant Valley. ECF No. 17 at 3-4. Plaintiff alleges that he contracted valley fever in December 2007 and has, as a result, suffered a variety of injuries in violation the Eighth Amendment. Stratford alleges that valley fever spores spread deep into his right lung and that he now suffers from pneumonia-like symptoms and anxiety related to his condition. *See id.* at 11. Plaintiff seeks declaratory, injunctive, and monetary relief. *See id.* at 22-23.

**DISCUSSION**

*Threshold Requirements Under 42 U.S.C. § 1983*

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must allege that a "person," while acting under color of state law, personally participated in the deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). A defendant personally participates in a deprivation "if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012)). Vague and conclusory allegations of personal involvement in an alleged deprivation do not suffice. *Id.*

3

Plaintiff's complaint does not adequately link the acts or omissions of most named defendants to the harm he suffered. Most of the defendants are either completely unmentioned or mentioned only in passing in Straford's description of the events. Leaving defendants unmentioned—or mentioning them only glancingly to note that they "were aware, or should have been aware" of increased valley fever risks, *see*, for example, ECF No. 17 at 10 and 17—is insufficient to state a claim under 42 U.S.C. § 1983, *see Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019) (noting, in the context of valley fever claims under § 1983, that "inmates must show that *each defendant personally played a role* in violating the Constitution" (emphasis added)).[2]

Stratford's complaint does satisfy the threshold requirements for one defendant: Governor Schwarzenegger. Stratford's complaint contains sufficiently detailed allegations of Schwarzenegger's acts and omissions such that they can be linked the deprivation of a right. And several recent cases, while ultimately concluding that defendants were entitled to qualified immunity, have proceeded on a similar threshold theory. *See Hines*, 914 F.3d 1218; *Smith v. Schwarzenegger*, 137 F. Supp. 3d 1233 (E.D. Cal. 2015).

### *Eighth Amendment Deliberate Indifference*

The Eighth Amendment's prohibition against cruel and unusual punishment forbids officials from wantonly exposing prisoners to certain objectively serious deprivations and safety risks. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish a violation of this right, a prisoner must show that officials were "deliberately indifferent" to a serious safety threat.

Here, accepting plaintiff's allegations as true, the court finds that he has stated an Eighth Amendment deliberate indifference claim against Governor Schwarzenegger. Stratford alleges, among other things, that Schwarzenegger received a 2005 informational briefing about the risks of valley fever but failed to act on it, ECF No. 17 at 3-B; that Schwarzenegger proposed

---

[2] In addition, the CDCR is not a "person" for the purposes of 42 U.S.C. § 1983 and is not amenable to suit. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Coleman v. California Dep't of Corr. & Rehab.*, No. 06-2606, 2009 WL 648987, at *3 (C.D. Cal. Mar. 10, 2009) ("There is no dispute that the California Department of Corrections and Rehabilitation is a state agency. As such, it is not amenable to suit under § 1983.").

constructing new dormitories at Pleasant Valley and stated that he was "not concerned" about the risk of valley fever there, *id*. at 3-D; and that Schwarzenegger acknowledged the much higher rate of infections at Pleasant Valley but failed to take steps to ameliorate it, *id*. at 3-A.

**FINDINGS AND RECOMMENDATIONS**

The court finds that plaintiff has stated an Eighth Amendment claim against defendant Schwarzenegger, but no other claims. The undersigned thus submits the following recommendations under 28 U.S.C. § 636(b)(l):

1. Plaintiff states a cognizable Eighth Amendment claim against defendant Schwarzenegger.

2. Plaintiff's remaining claims should be dismissed without prejudice.

The undersigned submits these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Eastern District's Local Rules. Within 14 days of the service of these findings and recommendations, plaintiff may file written objections with the court. Such a filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**ORDER**

The clerk's office shall assign this case to a district judge to review the findings and recommendations above.

IT IS SO ORDERED.

Dated: April 14, 2020

_____
UNITED STATES MAGISTRATE JUDGE

5