1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    ERIC STRATFORD,                          No. 1:17-cv766-DAD-HBK (PC)

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS THAT
                                                THIS CASE BE DISMISSED, WITHOUT
13         v.                                   PREJUDICE UNDER FED. R. CIV. P. 4(m)

14    ARNOLD SCHWARZENEGGER,

15              Defendant.

16

17         I.      BACKGROUND

18         Plaintiff initiated this action on April 20, 201 while confined in a California institution.

19    Doc. No. 1.  Plaintiff voluntarily dismissed this action on November 13, 2017. Doc. Nos. 12, 13.

20    Approximately one year later, Plaintiff moved to re-open the case.  Doc. No. 14.  The former

21    magistrate judge granted Plaintiff's motion and reopened the case on December 6, 2018.  Doc.

22    No. 16.  After screening, Plaintiff was permitted to proceed on his Eight Amendment claim

23    against Defendant Schwarzenegger and the court directed service on Defendant on May 18, 2020.

24    Doc. Nos. 28, 26.  On September 10, 2020, the United States Marshal notified the court that

25    despite multiple attempts, they were unable to locate Defendant to effectuate service on him.

26    Doc. No. 30.  On September 11, 2020, the former magistrate judge issued an order affording

27    Plaintiff an opportunity to show cause within 30 days why this action should not be dismissed

28    under Federal Rule of Civil Procedure 4(m).  Doc. No. 31.  The order was not returned as

                                              1

undeliverable.  More than 30 days have passed, and Plaintiff has not responded to the order or otherwise sought an extension of time to respond to the order.

## II.    APPLICABLE LAW AND ANALYSIS

Rule 4 governs service of process and requires a district court to dismiss a plaintiff's case after notice if the defendant is not timely served, absent good cause.  More specifically,

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff-- *must* dismiss the action without prejudice or other that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).  The court must extend the time period to effectuate service upon a plaintiff showing good cause for defective service; but; if the plaintiff fails to show good cause, the court then has the discretion to dismiss the case without prejudice or to extend the time to effectuate service.  *See Hopson v. Nove Plaza, LLC*, 2019 WL 1078351 *3 (E.D. Ca. March 7, 2019) (internal citations omitted).  A plaintiff can show good cause by showing that the party to be served personally received actual notice of the lawsuit, that the defendant would not suffer prejudice, and that plaintiff would be severally prejudiced if his or her complaint were dismissed.  *Id.* (citations omitted).  If a plaintiff does not show good cause, then the district court may extend the time for service upon a showing of excusable neglect.  *Id.*  (citations omitted).

Here, like *Hopson*, Plaintiff did not respond to the Court's Show Cause Order.  I cannot independently discern any reason based upon the record to find either good cause or excusable neglect to warrant extending time to effectuate service.  Given that Plaintiff is no longer confined,[1] his prior notice to voluntarily dismiss this action, his failure to respond to the Court's September 11, 2020 Show Cause Order, I recommend dismissing this action without prejudice as to Defendant Schwarzenegger under Fed. R. Civ. P. 4(m).

**FINDINGS AND RECOMMENDATIONS**:

I recommend that:

1.  This case be dismissed, without prejudice, as to Defendant Schwarzenegger under Fed.

---

[1] *See* Notices of Change of Address filed on February 19, 2019 and August 20, 2019.  Doc. Nos. 18-19.

1   R. Civ. P. 4(m); and

2        2.  The Clerk of Court be directed to terminate any pending motions/deadlines and close

3   this case.

### NOTICE TO PARTIES

4

5        A party has fourteen days from this date to file written objections to the Findings and

6   Recommendation's factual findings and legal conclusions. *See* 28 U.S.C. § 636(b)(1)(B) and Rule

7   304 of the Local Rules of Practice for the United States District Court, Eastern District of

8   California. That document should be captioned "Objections to Magistrate Judge's Findings and

9   Recommendations."  The district judge will review the findings and recommendations under 28

10  U.S.C. § 636(b)(1)(C).  A party's failure to file written objections waives that party's right to

11  challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts

12  from the Findings and Recommendation.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir.

13  2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

14

15

16  IT IS SO ORDERED.

17

18  Dated:    March 1, 2021

19                                      HELENA M. BARCH-KUCHTA
                                        UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

                                            3